# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4331 | **DATE** | 7/27/10 |
| **CASE TITLE** | McKinzy v. Metra Railroad | | |

**DOCKET ENTRY TEXT:**

McKinzy's petition to proceed *in forma pauperis* is granted. The Court *sua sponte* dismisses McKinzy's complaint for failure to state a claim upon which relief may be granted. The Court grants McKinzy 28 days to file an amended complaint, should he so choose. If plaintiff fails to file an amended complaint within 28 days, the Court will dismiss this case for want of prosecution.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Petitioner Michael E. McKinzy, Sr. ("McKinzy") has filed a petition to file his complaint *in forma pauperis*. McKinzy is a frequent litigator. He has filed no fewer than ten complaints in this district in the last thirty or so months and seems to have filed a dozen lawsuits in other districts. McKinzy alleges that defendant Metra Railroad, when it failed to hire him, discriminated against him on the basis of race and age and in retaliation for his having filed prior lawsuits, all in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act.

Under 28 U.S.C. § 1915, when determining whether a petitioner may proceed *in forma pauperis*, the Court engages in a two-step analysis. First, the Court examines whether the petitioner has sufficiently demonstrated that he is impoverished within the meaning of the statute. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). Second, the Court determines whether the complaint is frivolous. *Denton v. Hernandez*, 540 U.S. 25, 31 (1992); *Nietzke*, 490 U.S. at 324. The Court finds that McKinzy has sufficiently demonstrated that he is impoverished within the meaning of the statute. In his affidavit, McKinzy states that he is unemployed and that he has not worked since October 2009, when he spent about two weeks working for FedEx. McKinzy states in his affidavit that he has no assets or income beyond $200 per month in food stamps. In addition, the Court has reviewed his complaint, and McKinzy's claims against Metra Railroad do not appear to be frivolous. Thus, the Court grants McKinzy leave to file his complaint *in forma pauperis*.

The *in forma pauperis* statute requires the Court to dismiss the petitioner's complaint if it fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint need not provide detailed factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-1965 (2007). A complaint must include enough factual allegations to "raise a right to relief above a speculative level." *Bell Atlantic*, 127 S.Ct. at 1965. "After *Bell Atlantic*, it is no longer sufficient for a complaint 'to *avoid foreclosing*

| STATEMENT |
|---|

possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting *Equal Employment Opportunity Comm'n v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). To survive a motion to dismiss, a claim must be plausible. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

The Court finds that the complaint fails to state a claim. Each of plaintiff's claims requires him to allege that he was qualified for the positions for which he applied. Plaintiff alleges generally that he was qualified, but he fails to allege any facts that would make it plausible, as opposed to possible, that he was actually qualified. Merely alleging conclusions "does not unlock the doors of discovery." *Iqbal*, 129 S.Ct. at 1950. Plaintiff must do more, and it should not be difficult. If, as plaintiff conclusively alleges, he was qualified for the open positions, he should have no trouble including facts that make his claim plausible. Such facts might include a job history that lists positions he has held and the skills he used in those positions. Such facts might include any training he has undertaken to develop skills.

Because plaintiff has failed to state a plausible claim of employment discrimination, the Court dismisses *sua sponte* plaintiff's complaint. The Court grants plaintiff 28 days to file an amended complaint should he so choose. If plaintiff fails to file an amended complaint within 28 days, the Court will dismiss this case for want of prosecution.